O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ALLA KAZOVSKY, | ) | CASE NO. CV 11-06079- ODW (FMOx) |
| Plaintiff, | ) | |
| | ) | Order **GRANTING** Defendants' |
| vs. | ) | Motions to Dismiss [40, 42] |
| | ) | |
| METROCITIES MORTGAGE, LLC; *et* | ) | |
| *al.*, | ) | |
| Defendants. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

## I.   INTRODUCTION

Pending before the Court are two concurrently filed Motions: (1) Defendant CitiMortgage, Inc.'s ("Citi") Motion to Dismiss Plaintiff Alla Kazovsky's ("Plaintiff") First Amended Complaint ("FAC") (Dkt. No. 42); and (2) Defendants PennyMac Corporation ("PennyMac"); PennyMac Loan Services, LLC ("PMLS"); and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss Plaintiff's FAC. (Dkt. No. 40.)[1]  Plaintiff filed two Oppositions on October 3, 2011 (Dkt. Nos. 47, 48), to

_____

[1]  Where appropriate, the Court refers to Citi, PennyMac, PMLS and MERS collectively as "Defendants."  Because Plaintiff voluntarily dismissed Defendant Quality Loan Services Corporation ("Quality") from this action on September 27, 2011 (Dkt. No. 44), the Court does not address any allegations against Quality.  (Dkt. No. 44.)  Moreover, because U.S. Bank is not a party to either of the instant Motions, the Court does not address any of Plaintiff's claims as they are asserted against U.S. Bank.

1

1  which Defendants filed their respective Replies on October 7, 2011 (Dkt. Nos. 52, 53).

2  Having carefully considered the papers filed in support of and in opposition to the instant

3  Motions, the Court deems the matters appropriate for decision without oral argument.

4  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the reasons discussed below, Defendants'

5  Motions are **GRANTED**.  To the extent that the Court grants leave to amend, Plaintiff

6  and her counsel are reminded to comply fully with the requirements of Federal Rule of

7  Civil Procedure 11.

8  ## II.   FACTUAL BACKGROUND

9  This case arises out of a mortgage loan in the amount of $1,000,000 obtained by

10  Plaintiff on June 6, 2006, and secured by Plaintiff's property located at 1853 Nicholas

11  Canyon Road, Los Angeles, California 90046 ("Subject Property").   (FAC ¶ 27;

12  Defendants'[2] Request for Judicial Notice ("RJN"), Exh. 1.)  In connection with the loan,

13  Plaintiff executed an adjustable rate note ("Note") and Deed of Trust ("DOT"), which

14  named Plaintiff as the borrower, Metrocities as the lender, and Fidelity National Title

15  Portfolio Solutions ("Fidelity") as trustee of the DOT, and MERS as nominee and

16  beneficiary of the DOT.  (FAC ¶ 27; Defendants' RJN, Exhs. 1–2.)  Plaintiff alleges that

17  Citi was the "purported former servicer of Plaintiff's Note and [DOT]" and that PMLS

18  is the present purported servicer of the same.  (FAC at 3.)

19  As of September 21, 2010, Plaintiff was in default of the amount of $115,347.92.

20  (Defendants' RJN, Exh. 3.)  As a result of Plaintiff's default, a Notice of Default and

21  Election to Sell Under Deed of Trust was recorded in the Los Angeles County Recorder's

22  Office.  (*Id.*)

23  On November 18, 2010, MERS executed a Substitution of Trustee ("Substitution")

24  substituting Quality Loan Service Corporation for Fidelity as the trustee under Plaintiff's

25  DOT.  (FAC ¶ 58; FAC, Exh. C.)  This Substitution was filed in the Los Angeles County

26  Recorder's Office on December 1, 2010.  ( FAC, Exh. C.)  Plaintiff contends that the

27  Substitution was fraudulently executed and therefore invalid.  (*See* FAC ¶¶ 62–66.)

28

---

[2]While Defendant Citi and Defendants PennyMac, PMLS, and MERS filed separate requests for judicial notice, these requests are identical.  Accordingly, the Court does not differentiate between the two.

1    On December 30, 2010, a Notice of Trustee's Sale was filed in the Los Angeles

2    County Recorder's Office. (Defendants' RJN, Exh. 4.) To date, no foreclosure sale has

3    taken place.

4        On June 8, 2011, MERS executed Assignment of Deed of Trust ("ADOT")

5    purporting to transfer all beneficial interest in Plaintiff's DOT to PennyMac. (FAC ¶ 44;

6    Defendants' RJN, Exh. 5.)  This ADOT was recorded in the Los Angeles County

7    Recorder's Office on June 16, 2011. (Defendants' RJN, Exh. 5.) As with the November

8    18, 2010 Substitution, Plaintiff alleges that the ADOT was fraudulently executed and thus

9    effected no transfer of the DOT's beneficial interest to PennyMac. (FAC ¶¶ 44–48, 50.)

10       As a result of the foregoing events, Plaintiff filed a Verified Complaint in Los

11   Angeles Superior Court on June 10, 2011. (Dkt. No. 1, Exh. A.) On July 22, 2011, Citi

12   filed a Notice of Removal of Action, removing the action to this Court on the basis of

13   federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1.) On August 31, 2011,

14   Plaintiff filed a First Amended Complaint in this Court, asserting seven causes of action

15   against Defendants.[3] (Dkt. No. 36.)  The essence of Plaintiff's FAC as it applies to the

16   moving Defendants is that MERS's improperly executed ADOT destroyed Citi,

17   PennyMac, PMLS, and MERS's interest in Plaintiff's DOT and rendered impotent these

18   parties' ability to collect Plaintiff's mortgage payments.  These Defendants now move

19   to dismiss Plaintiff's FAC in its entirety.

20                    **III.   LEGAL STANDARD**

21       "To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a

22   complaint generally must satisfy only the minimal notice pleading requirements of Rule

23   8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a

24   short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

25   R. Civ. P. 8(a)(2).  For a complaint to sufficiently state a claim, its "[f]actual allegations

26   must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*

27   *v. Twombly*, 550 U.S. 544, 555 (2007).  Mere "labels and conclusions" or a "formulaic

28

---

[3] The seven causes of action are for: (1) declaratory relief; (2) negligence; (3) quasi contract;
(4) violation of the Truth in Lending Act; (5) violation of the Fair Debt Collection Act; (6) violation of
California's Unfair Competition Law; and (7) accounting. (FAC at 1.)

1    recitation of the elements of a cause of action will not do." *Id.*  Rather, to overcome a

2    12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to

3    state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

4    1949 (2009) (internal quotation marks omitted).  "The plausibility standard is not akin

5    to a probability requirement, but it asks for more than a sheer possibility that a defendant

6    has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a

7    defendant's liability, it stops short of the line between possibility and plausibility of

8    entitlement of relief." *Id.* (internal citation and quotation marks omitted).

9        When considering a 12(b)(6) motion, a court is generally limited to considering

10   material within the pleadings and must construe "[a]ll factual allegations set forth in the

11   complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City

12   of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Branch v. Tunnell*, 14 F.3d 449, 453

13   (9th Cir. 1994) and *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.

14   1996)).  A court is not, however, "required to accept as true allegations that are merely

15   conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*

16   *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

17       As a general rule, leave to amend a complaint which has been dismissed should be

18   freely granted. Fed.R.Civ.P. 15(a).  However, leave to amend may be denied when "the

19   court determines that the allegation of other facts consistent with the challenged pleading

20   could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture*

21   *Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

22   Cir. 2000).

23                            **IV.   DISCUSSION**

24       Defendants bring the instant Motions seeking to dismiss Plaintiff's claims for

25   declaratory relief, negligence, quasi contract, violation of the Truth in Lending Act

26   ("TILA"),  violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of

27   California's Unfair Competition Law ("UCL"), and accounting.  Because Plaintiff's

28   claims for violation of the UCL, accounting, and declaratory relief depend in part on the

1   viability of Plaintiff's remaining causes of action, the Court will address these claims last;
2   otherwise, the Court considers each of Plaintiff's claims in turn.

3       **A.    Plaintiff's Second Claim for Negligence**

4       Plaintiff alleges a claim for negligence against PennyMac, PMLS, and Citi.  "In
5   order to establish a claim for negligence, a plaintiff must establish four required elements:
6   (1) duty, (2) breach, (3) causation, and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191,
7   1203 (9th Cir. 2003).  Defendants contend that Plaintiff cannot establish a cognizable
8   duty of care owed to her by PennyMac, as assignee of Plaintiff's loan after origination,
9   or by PMLS or Citi, as servicers of Plaintiff's loan, because lenders and servicers
10  generally do not owe borrowers a duty of care.

11      "The existence of a legal duty to use reasonable care in a particular factual situation
12  is a question of law for the court to decide." *Castaneda v. Saxon Mortg. Servs., Inc.*,
13  687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) (quoting *Vasquez v. Residential Invs., Inc.*,
14  118 Cal. App. 4th 269, 278 (2004)).  Absent special circumstances, a home-mortgage
15  loan is an arm's-length transaction from which no duties arise outside of those set forth
16  in the loan agreement. *Castaneda*, 687 F. Supp. 2d at 1198.  Barring an assumption of
17  duty or a special relationship, "a financial institution owes no duty of care to a borrower
18  when the institution's involvement in the loan transaction does not exceed the scope of
19  its conventional role as a mere lender of money." *Vann v. Aurora Loan Servs. LLC*, No.
20  10–CV–04736–LHK, 2011 WL 2181861, at *4 (N.D. Cal. June 3, 2011) (quoting
21  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991)).  "Courts
22  have held that this rule is applicable to loan servicers as well." *Id.*; *see Castaneda*, 687
23  F. Supp. 2d at 1198.

24      Here, Plaintiff fails to cite any authority for the proposition that PennyMac owed
25  her a duty "in its capacity as purported assignee of Plaintiff's Note and Deed of Trust."
26  (FAC ¶ 1.)  Plaintiff likewise has not established that either PMLS or Citi—both sued in
27  their capacities as servicers of Plaintiff's loan (*id.*)—owed her a duty of care.
28  Additionally, Plaintiff has not alleged that any of these Defendants assumed a duty or
    entered into a special relationship with her besides what one would expect from an arm's-

1   length mortgage loan transaction.

2       Instead, Plaintiff argues Defendants' conduct falls within an exception to *Nymark*

3   because her relationship with Defendants is unconventional.   Plaintiff builds this

4   argument on an unduly narrow reading of *Nymark*, which states more completely:

5       [A]s a general rule, a financial institution owes no duty of care to a borrower
        when the institution's involvement in the loan transaction does not exceed
6       the scope of its conventional role as a mere lender of money. . . . "Liability
        to a borrower for negligence arises only when the lender 'actively
7       participates' in the financed enterprise 'beyond the domain of the usual
        money lender.'"

8

9   *Nymark*, 231 Cal. App. 3d at 1096 (citations omitted) (quoting *Connor v. Great W. Sav.*

10  *& Loan Ass'n*, 69 Cal. 2d 850, 865 (1968)).   The essence of Plaintiff's argument is that

11  her relationships with PennyMac, PMLS, and Citi were unconventional because these

12  Defendants attempted to take "action against Plaintiff that they did not have the legal

13  authority to do." (Compl. ¶ 94.)   However, allegations that these Defendants attempted

14  to collect a debt they had no authority to collect simply fails to amount to the active

15  participation required to establish a duty of care by any of these Defendants under

16  *Nymark*.

17      Plaintiff has thus failed to establish that PennyMac, PMLS, or Citi owed her a duty

18  of care.   Accordingly, the Court **GRANTS** Defendants' Motions as to Plaintiff's second

19  claim for negligence with leave to amend.

20          **B.    Plaintiff's Third Claim for Quasi Contract**

21      Plaintiff purports to bring a claim for quasi contract against PennyMac, PMLS, and

22  Citi.   Nevertheless, every factual contention comprising Plaintiff's third cause of action

23  pertains to actions taken solely by "U.S. Bank and/or PennyMac Corp." (*See* Compl. ¶¶

24  98–100.)   Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss as to PMLS

25  and Citi with leave to amend for failure to state sufficient facts to constitute a cause of

26  action against these Defendants.   The Court therefore proceeds to address Plaintiff's quasi

27  contract claim only as against PennyMac.

28      Unjust enrichment requires the receipt of a benefit and the unjust retention of that

    benefit at the expense of another.   *Tilley v. Ampro Mortg.*, No. S–11–1134 KJM CKD,

                                        6

1    2011 WL 5921415, at *9 (E.D. Cal. Nov. 28, 2011) (quoting *Peterson v. Cellco*

2    *Partnership*, 164 Cal.App.4th 1583, 1593 (2008)); *see also Cross v. Wells Fargo Bank,*

3    *N.A.*, No. CV11-00447 AHM (Opx), 2011 WL 6136734, at *3 (C.D. Cal. Dec. 9, 2011)

4    (same).  "California courts appear to be split on whether unjust enrichment can be an

5    independent claim or merely an equitable remedy." *Falk v. Gen. Motors Corp.*, 496

6    F.Supp.2d 1088, 1099 (N.D. Cal. 2007).   Even assuming, however, that unjust

7    enrichment is a viable claim under California law, Plaintiff fails to sufficiently plead

8    such a claim against PennyMac.

9        Plaintiff essentially alleges that PennyMac has "been unjustly enriched by

10   collecting monthly payments from Plaintiff when [it] had no interest in her Note." (FAC

11   ¶ 100.) However, Plaintiff's Complaint is devoid of any factual assertions that any of her

12   payments were unjustly retained *at her expense*.  Specifically, Plaintiff fails to plead that

13   any payments PennyMac collected were not credited to her account or otherwise

14   forwarded to the lender or beneficiary, much less what payments she alleges PennyMac

15   collected at all. Plaintiff needs not provide detailed accounts of every payment she alleges

16   each Defendant improperly collected and retained to her detriment; however, Plaintiff's

17   broad-strokes, formulaic recitation of the elements of a claim for quasi contract—to the

18   extent one even exists—will not do.  The Court therefore also **GRANTS** Plaintiff's fifth

19   claim for quasi contract as to PennyMac with leave to amend.

20       **C.    Plaintiff's Fourth Claim for Violation of 15 U.S.C. § 1641(g)**

21       Plaintiff alleges violations of TILA, 15 U.S.C. § 1641(g), against U.S. Bank and

22   PennyMac.  PennyMac argues that Plaintiff failed to allege any facts to support the

23   application of § 1641(g) to any act or omission by PennyMac.  The Court agrees.

24       Section 1641(g) provides that "[n]ot later than 30 days after the date on which a

25   mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor

26   that is the new owner or assignee of the debt shall notify the borrower in writing of such

27   transfer." Plaintiff summarily avers that "PennyMac Corp. purports to be a creditor under

28   the alleged 'Assignment of Deed of Trust' and is alleged to have violated 15 U.S.C.

     § 1641(g)."   (FAC ¶ 107.)   As PennyMac points out, however, all of Plaintiff's

7

1    allegations regarding specific conduct violative of § 1641(g) pertain solely to U.S. Bank.

2    (*See* FAC ¶¶ 109–14.)  Because Plaintiff's fourth claim for violation of TILA therefore

3    fails to state a claim against PennyMac, the Court hereby **GRANTS** PennyMac's Motion

4    as to this claim with leave to amend.

5              **D.    Plaintiff's Fifth Claim for Violation of 15 U.C.C. § 1692**

6              Plaintiff's fifth claim for violation of the FDCPA alleges PennyMac, PMLS, and

7    Citi illegally attempted to collect on Plaintiff's loan obligation under false pretenses in

8    violation of 15 U.S.C. § 1692.  Defendants contend that Plaintiff has inadequately

9    pleaded that either defendant is a "debt collector" within the meaning of the FDCPA.

10   Defendants also argue that Plaintiff's fifth claim is replete with legal conclusions lacking

11   factual support.

12             The purpose of the FDCPA is to eliminate abusive debt collection practices,

13   including the harassment and abuse of consumers. 15 U.S.C. § 1692(e).  "To effectuate

14   this purpose, the Act prohibits a 'debt collector' from making false or misleading

15   representations and from engaging in various abusive and unfair practices." *Izenberg v.*

16   *ETS Servs., LLC.*, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008); 15 U.S.C.

17   §§ 1692d–1692f.  Accordingly, "[t]o state a claim for violation of the FDCPA, a plaintiff

18   must allege that the defendant is a 'debt collector' collecting a 'debt.'" *Izenberg*,

19   589 F. Supp. 2d at 1199.

20             A "debt collector" under the FDCPA is defined as

21             any person who uses any instrumentality of interstate commerce or the mails
             in any business the principal purpose of which is the collection of any debts,
22             or who regularly collects or attempts to collect, directly or indirectly, debts
             owed or due or asserted to be owed or due another.
23

24   15 U.S.C. § 1692a(6).  The FDCPA expressly excludes from this definition any person

25   collecting or attempting to collect a debt originated by that person. *Id.* § 1692a(6)(F)(ii).

26   Moreover, "[t]he law is well-settled that creditors, mortgagors, and mortgage servicing

27   companies are not debt collectors and are statutorily exempt from liability under the

28   FDCPA." *Costantini v. Wachovia Mortg. FSB*, No. 2:09-cv-0406-MCE-DAD, 2009 WL

     1810122, at *3 (E.D. Cal. June 24, 2009) (internal alterations omitted) (quoting *Hepler*

1    *v. Wash. Mut. Bank, F.A.*, No. CV 07-4804 CAS (Ex), 2009 WL 1045470 at *4, (C.D.

2    Cal. Apr. 17, 2009)).

3        Here, Plaintiff has alleged that PennyMac, PMLS, and Citi have "illegally

4    attempt[ed] to collect on Plaintiff's debt obligation." (FAC ¶ 118.) However, Plaintiff

5    contends that PennyMac has engaged in such collection activities only as purported

6    assignee of the beneficial interest in Plaintiff's DOT. Plaintiff therefore fails to aver

7    whatsoever that PennyMac is a "debt collector" under the FDCPA.

8        Plaintiff further contends that PMLS and Citi have engaged debt collection

9    activities "as purported debt collection agents of PennyMac Corp." This allegation is

10   tantamount to a mere "label[] and conclusion[]" that this Court is not bound to accept as

11   true. *See Twombly*, 550 U.S. at 555; *Sprewell*, 266 F.3d at 988. While Plaintiff contends

12   that PMLS and Citi are "debt collection agents," Plaintiff's FAC stops short of alleging

13   any facts to support this conclusory title. Specifically, Plaintiff fails to explain how these

14   Defendants, sued in their capacities as servicers of Plaintiff's loan, could fit into some—if

15   any—exception to the rule that mortgage servicing companies are statutorily exempt from

16   the FDCPA.

17        Accordingly, the Court finds that Plaintiff has inadequately pleaded that

18   PennyMac, PMLS, or Citi are "debt collectors" under the FDCPA. Defendants' Motions

19   to Dismiss Plaintiff's fifth claim for violation of the FDCPA are therefore **GRANTED**

20   with leave to amend.

21   **E.**     **Plaintiff's Sixth Claim for Violation of California Business and**

22          **Professions Code Section 17200**

23        Plaintiff alleges a claim under California's UCL, Cal. Bus. & Prof. Code § 17200,

24   against all moving Defendants.

25        The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and

26   unfair, deceptive, untrue or misleading advertising." *Id.* Because the statute is written

27   in the disjunctive, liability under each prong of the UCL is separate and distinct from the

28   others and, therefore, the statute "applies separately to business acts or practice that are

(1) unlawful, (2) unfair, and (3) fraudulent." *Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1050 (E.D. Cal. 2010).

"As to the unlawful prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law." *Id.* (citing *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000)). "An act is 'unfair' if the act threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law. . . . A practice is 'fraudulent' if members of the public are likely to be deceived." *Quintero Family Trust v. OneWest Bank, F.S.B.*, 09-CV-1561-IEG (WVG), 2010 WL 392312, at *12 (S.D. Cal. Jan. 27, 2010) (quoting *Fortaleza v. PNC Fin. Serv. Group, Inc.*, 642 F.Supp.2d 1012, 1019 (N.D. Cal.2009)). Additionally, allegations of fraudulent conduct under section 17200 must satisfy the heightened pleading requirements of Rule 9(b). *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103–05 (9th Cir. 2003). Rule 9(b) demands that "[a]verments of fraud . . . be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106.

Plaintiff's UCL claim suffers from at least three fatal shortcomings. First, Plaintiff's UCL claim is little more than a list of several statutes and claims accompanied by general allegations that Defendants have purportedly engaged in "unlawful, fraudulent and deceptive business practices" under the UCL. (FAC ¶ 121.) Because each prong of a section 17200 violation introduces a separate theory of liability, Plaintiff's failure to allege whether Defendants' actions were unlawful, unfair, fraudulent, or some combination thereof, falls short of the requirements of Rule 8(a)(2). *See e.g.*, *Clark*, 732 F. Supp. 2d at 1050 (finding the plaintiff's section 17200 claim deficient because the plaintiff's allegations did not specify which of the three UCL prongs defendants violated).

Second, while Plaintiff purports to allege a violation of the UCL against PennyMac, PMLS, and Citi, Plaintiff's entire UCL claim employs the indiscriminate term "Defendants" without specifying to which Defendant or Defendants each alleged

10

1  unlawful, unfair, or fraudulent business practice applies. This method of pleading
2  likewise fails to satisfy the pleading requirements of Rule 8(a)(2).

3      Third, to the extent that Plaintiff brings a UCL claim under the "fraudulent" prong,
4  Plaintiff fails to plead her allegations with sufficient particularity to survive a motion to
5  dismiss. Accordingly, the Court **GRANTS** Defendants' Motions as to Plaintiff's sixth
6  claim with leave to amend.

7      **F.   Plaintiff's Seventh Claim for Accounting**

8      Plaintiff's seventh claim for accounting alleges that PennyMac, PMLS, and Citi
9  owe her a sum unknown to Plaintiff that can only be ascertained by an accounting.
10  Defendants correctly contend, however, that Plaintiff has access to all of the information
11  relating to her loan payment terms and any and all amounts she has paid, which
12  eliminates the need for an accounting.

13      A claim for an accounting may take the form of either a legal remedy or an
14  equitable claim. *Badoobonson-Iam v. Bank of Am. (Home Loans)*, No. CV 10-9171 CAS
15  (MANx), 2011 WL 3103165, at *6 (C.D. Cal. July 25, 2011) (citing *Hafiz v. Greenpoint*
16  *Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1049 (N.D. Cal. 2009)). If alleged as a legal
17  remedy, the "request for a legal accounting must be tethered to relevant actionable
18  claims." *Id.* Because Plaintiff has otherwise failed to sufficiently state an actionable
19  claim against moving Defendants, she is not entitled to an accounting as a legal remedy
20  against these Defendants.

21      To state a claim for an equitable claim for accounting, a plaintiff must allege that
22  (1) a relationship exists between the plaintiff and defendant that requires an accounting;
23  and (2) some balance is due the plaintiff that can only be ascertained by an accounting.
24  *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009). The relationship between the
25  parties need not be fiduciary; all that is required is that "some relationship" exists that
26  requires an accounting. *Id.* Moreover, "[a]n action for accounting is not available where
27  the plaintiff alleges the right to recover a sum certain or a sum that can be made certain
28  by calculation." *Id.*

Plaintiff's FAC alleges that she has paid PennyMac, PMLS, and Citi for approximately sixty months, during which time these Defendants were not entitled to such payments. (FAC ¶ 130.) Accordingly, Plaintiff contends that "these monies are to be returned to Plaintiff *in full*." (*Id.* (emphasis added).) Nevertheless, Plaintiff proceeds to plead that the sum owed to her by Defendants "is unknown to Plaintiff and cannot be ascertained without an accounting." (*Id.* ¶ 131.) This contention strains credulity.

Plaintiff's claim for an accounting, as pleaded, merely seeks the return of all mortgage payments she has already made to Defendants. There is no indication in Plaintiff's FAC that the payment terms contained in her Note were anything but ordinary. Therefore, Plaintiff is in possession of all materials necessary for her to reduce her claim to a sum that can be made certain by a relatively simple calculation. Because Plaintiff has thus failed to establish that an equitable claim for accounting is merited under the circumstances, the Court **GRANTS** Defendants' Motions to Dismiss Plaintiff's seventh claim for accounting. Furthermore, the Court finds that the deficiencies in Plaintiff's seventh cause of action cannot be cured. Accordingly, Plaintiff's seventh claim for accounting is **DISMISSED WITH PREJUDICE** as against PennyMac, PMLS, and Citi.

### G.    Plaintiff's First Claim Seeking Declaratory Relief

In her first claim for declaratory relief, Plaintiff seeks a judicial determination of her rights and title in the Subject Property. As a threshold matter, "[j]urisdiction to award declaratory relief exists only in a case of actual controversy." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). Because declaratory relief thus requires an underlying claim and no underlying claims remain as against any moving Defendant, Defendants' Motions to Dismiss plaintiff's first claim are **GRANTED** with leave to amend.

### V. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED**. Specifically, Plaintiff's seventh claim for accounting is **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have fourteen (14) days from the date of this Order to

1  amend her First Amended Complaint, provided she can in *good faith* assert facts to

2  support her claims for declaratory relief, negligence, quasi contract, violation of the

3  Truth in Lending Act, violation of the Fair Debt Collection Act, and violation of

4  California's Unfair Competition Law.  If Plaintiff fails to do so, all claims will be

5  dismissed with prejudice.

6  **IT IS SO ORDERED**.

7  January 23, 2012

8

9  _____

10  HON. OTIS D. WRIGHT, II
   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28