O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALLA KAZOVSKY,<br><br>            Plaintiff,<br><br>vs.<br><br>METROCITIES MORTGAGE, LLC; *et al.*,<br><br>            Defendants. | CASE NO. CV 11-06079- ODW (FMOx)<br><br>Order **GRANTING** Defendants' Motions to Dismiss [40, 42] |

## I.   INTRODUCTION

Pending before the Court are two concurrently filed Motions: (1) Defendant CitiMortgage, Inc.'s ("Citi") Motion to Dismiss Plaintiff Alla Kazovsky's ("Plaintiff") First Amended Complaint ("FAC") (Dkt. No. 42); and (2) Defendants PennyMac Corporation ("PennyMac"); PennyMac Loan Services, LLC ("PMLS"); and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss Plaintiff's FAC. (Dkt. No. 40.)[1] Plaintiff filed two Oppositions on October 3, 2011 (Dkt. Nos. 47, 48), to

---

[1] Where appropriate, the Court refers to Citi, PennyMac, PMLS and MERS collectively as "Defendants." Because Plaintiff voluntarily dismissed Defendant Quality Loan Services Corporation ("Quality") from this action on September 27, 2011 (Dkt. No. 44), the Court does not address any allegations against Quality. (Dkt. No. 44.) Moreover, because U.S. Bank is not a party to either of the instant Motions, the Court does not address any of Plaintiff's claims as they are asserted against U.S. Bank.

which Defendants filed their respective Replies on October 7, 2011 (Dkt. Nos. 52, 53). Having carefully considered the papers filed in support of and in opposition to the instant Motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons discussed below, Defendants' Motions are **GRANTED**. To the extent that the Court grants leave to amend, Plaintiff and her counsel are reminded to comply fully with the requirements of Federal Rule of Civil Procedure 11.

## II.   FACTUAL BACKGROUND

This case arises out of a mortgage loan in the amount of $1,000,000 obtained by Plaintiff on June 6, 2006, and secured by Plaintiff's property located at 1853 Nicholas Canyon Road, Los Angeles, California 90046 ("Subject Property"). (FAC ¶ 27; Defendants'[2] Request for Judicial Notice ("RJN"), Exh. 1.) In connection with the loan, Plaintiff executed an adjustable rate note ("Note") and Deed of Trust ("DOT"), which named Plaintiff as the borrower, Metrocities as the lender, and Fidelity National Title Portfolio Solutions ("Fidelity") as trustee of the DOT, and MERS as nominee and beneficiary of the DOT. (FAC ¶ 27; Defendants' RJN, Exhs. 1–2.) Plaintiff alleges that Citi was the "purported former servicer of Plaintiff's Note and [DOT]" and that PMLS is the present purported servicer of the same. (FAC at 3.)

As of September 21, 2010, Plaintiff was in default of the amount of $115,347.92. (Defendants' RJN, Exh. 3.) As a result of Plaintiff's default, a Notice of Default and Election to Sell Under Deed of Trust was recorded in the Los Angeles County Recorder's Office. (*Id.*)

On November 18, 2010, MERS executed a Substitution of Trustee ("Substitution") substituting Quality Loan Service Corporation for Fidelity as the trustee under Plaintiff's DOT. (FAC ¶ 58; FAC, Exh. C.) This Substitution was filed in the Los Angeles County Recorder's Office on December 1, 2010. ( FAC, Exh. C.) Plaintiff contends that the Substitution was fraudulently executed and therefore invalid. (*See* FAC ¶¶ 62–66.)

---

[2] While Defendant Citi and Defendants PennyMac, PMLS, and MERS filed separate requests for judicial notice, these requests are identical. Accordingly, the Court does not differentiate between the two.

On December 30, 2010, a Notice of Trustee's Sale was filed in the Los Angeles County Recorder's Office. (Defendants' RJN, Exh. 4.) To date, no foreclosure sale has taken place.

On June 8, 2011, MERS executed Assignment of Deed of Trust ("ADOT") purporting to transfer all beneficial interest in Plaintiff's DOT to PennyMac. (FAC ¶ 44; Defendants' RJN, Exh. 5.) This ADOT was recorded in the Los Angeles County Recorder's Office on June 16, 2011. (Defendants' RJN, Exh. 5.) As with the November 18, 2010 Substitution, Plaintiff alleges that the ADOT was fraudulently executed and thus effected no transfer of the DOT's beneficial interest to PennyMac. (FAC ¶¶ 44–48, 50.)

As a result of the foregoing events, Plaintiff filed a Verified Complaint in Los Angeles Superior Court on June 10, 2011. (Dkt. No. 1, Exh. A.) On July 22, 2011, Citi filed a Notice of Removal of Action, removing the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1.) On August 31, 2011, Plaintiff filed a First Amended Complaint in this Court, asserting seven causes of action against Defendants.[3] (Dkt. No. 36.) The essence of Plaintiff's FAC as it applies to the moving Defendants is that MERS's improperly executed ADOT destroyed Citi, PennyMac, PMLS, and MERS's interest in Plaintiff's DOT and rendered impotent these parties' ability to collect Plaintiff's mortgage payments. These Defendants now move to dismiss Plaintiff's FAC in its entirety.

### III. LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic

---

[3] The seven causes of action are for: (1) declaratory relief; (2) negligence; (3) quasi contract; (4) violation of the Truth in Lending Act; (5) violation of the Fair Debt Collection Act; (6) violation of California's Unfair Competition Law; and (7) accounting. (FAC at 1.)

recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citation and quotation marks omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) and *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed.R.Civ.P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Defendants bring the instant Motions seeking to dismiss Plaintiff's claims for declaratory relief, negligence, quasi contract, violation of the Truth in Lending Act ("TILA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of California's Unfair Competition Law ("UCL"), and accounting. Because Plaintiff's claims for violation of the UCL, accounting, and declaratory relief depend in part on the

viability of Plaintiff's remaining causes of action, the Court will address these claims last; otherwise, the Court considers each of Plaintiff's claims in turn.

### A.    Plaintiff's Second Claim for Negligence

Plaintiff alleges a claim for negligence against PennyMac, PMLS, and Citi. "In order to establish a claim for negligence, a plaintiff must establish four required elements: (1) duty, (2) breach, (3) causation, and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). Defendants contend that Plaintiff cannot establish a cognizable duty of care owed to her by PennyMac, as assignee of Plaintiff's loan after origination, or by PMLS or Citi, as servicers of Plaintiff's loan, because lenders and servicers generally do not owe borrowers a duty of care.

"The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) (quoting *Vasquez v. Residential Invs., Inc.*, 118 Cal. App. 4th 269, 278 (2004)). Absent special circumstances, a home-mortgage loan is an arm's-length transaction from which no duties arise outside of those set forth in the loan agreement. *Castaneda*, 687 F. Supp. 2d at 1198. Barring an assumption of duty or a special relationship, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Vann v. Aurora Loan Servs. LLC*, No. 10–CV–04736–LHK, 2011 WL 2181861, at *4 (N.D. Cal. June 3, 2011) (quoting *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991)). "Courts have held that this rule is applicable to loan servicers as well." *Id.*; *see Castaneda*, 687 F. Supp. 2d at 1198.

Here, Plaintiff fails to cite any authority for the proposition that PennyMac owed her a duty "in its capacity as purported assignee of Plaintiff's Note and Deed of Trust." (FAC ¶ 1.) Plaintiff likewise has not established that either PMLS or Citi—both sued in their capacities as servicers of Plaintiff's loan (*id.*)—owed her a duty of care. Additionally, Plaintiff has not alleged that any of these Defendants assumed a duty or entered into a special relationship with her besides what one would expect from an arm's-

length mortgage loan transaction.

Instead, Plaintiff argues Defendants' conduct falls within an exception to *Nymark* because her relationship with Defendants is unconventional. Plaintiff builds this argument on an unduly narrow reading of *Nymark*, which states more completely:

> [A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. . . . "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'"

*Nymark*, 231 Cal. App. 3d at 1096 (citations omitted) (quoting *Connor v. Great W. Sav. & Loan Ass'n*, 69 Cal. 2d 850, 865 (1968)). The essence of Plaintiff's argument is that her relationships with PennyMac, PMLS, and Citi were unconventional because these Defendants attempted to take "action against Plaintiff that they did not have the legal authority to do." (Compl. ¶ 94.) However, allegations that these Defendants attempted to collect a debt they had no authority to collect simply fails to amount to the active participation required to establish a duty of care by any of these Defendants under *Nymark*.

Plaintiff has thus failed to establish that PennyMac, PMLS, or Citi owed her a duty of care. Accordingly, the Court **GRANTS** Defendants' Motions as to Plaintiff's second claim for negligence with leave to amend.

### B. Plaintiff's Third Claim for Quasi Contract

Plaintiff purports to bring a claim for quasi contract against PennyMac, PMLS, and Citi. Nevertheless, every factual contention comprising Plaintiff's third cause of action pertains to actions taken solely by "U.S. Bank and/or PennyMac Corp." (*See* Compl. ¶¶ 98–100.) Accordingly, the Court **GRANTS** Defendants' Motions to Dismiss as to PMLS and Citi with leave to amend for failure to state sufficient facts to constitute a cause of action against these Defendants. The Court therefore proceeds to address Plaintiff's quasi contract claim only as against PennyMac.

Unjust enrichment requires the receipt of a benefit and the unjust retention of that benefit at the expense of another. *Tilley v. Ampro Mortg.*, No. S–11–1134 KJM CKD,

2011 WL 5921415, at *9 (E.D. Cal. Nov. 28, 2011) (quoting *Peterson v. Cellco Partnership*, 164 Cal.App.4th 1583, 1593 (2008)); *see also Cross v. Wells Fargo Bank, N.A.*, No. CV11-00447 AHM (Opx), 2011 WL 6136734, at *3 (C.D. Cal. Dec. 9, 2011) (same). "California courts appear to be split on whether unjust enrichment can be an independent claim or merely an equitable remedy." *Falk v. Gen. Motors Corp.*, 496 F.Supp.2d 1088, 1099 (N.D. Cal. 2007). Even assuming, however, that unjust enrichment is a viable claim under California law, Plaintiff fails to sufficiently plead such a claim against PennyMac.

Plaintiff essentially alleges that PennyMac has "been unjustly enriched by collecting monthly payments from Plaintiff when [it] had no interest in her Note." (FAC ¶ 100.) However, Plaintiff's Complaint is devoid of any factual assertions that any of her payments were unjustly retained *at her expense*. Specifically, Plaintiff fails to plead that any payments PennyMac collected were not credited to her account or otherwise forwarded to the lender or beneficiary, much less what payments she alleges PennyMac collected at all. Plaintiff needs not provide detailed accounts of every payment she alleges each Defendant improperly collected and retained to her detriment; however, Plaintiff's broad-strokes, formulaic recitation of the elements of a claim for quasi contract—to the extent one even exists—will not do. The Court therefore also **GRANTS** Plaintiff's fifth claim for quasi contract as to PennyMac with leave to amend.

**C.     Plaintiff's Fourth Claim for Violation of 15 U.S.C. § 1641(g)**

Plaintiff alleges violations of TILA, 15 U.S.C. § 1641(g), against U.S. Bank and PennyMac. PennyMac argues that Plaintiff failed to allege any facts to support the application of § 1641(g) to any act or omission by PennyMac. The Court agrees.

Section 1641(g) provides that "[n]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." Plaintiff summarily avers that "PennyMac Corp. purports to be a creditor under the alleged 'Assignment of Deed of Trust' and is alleged to have violated 15 U.S.C. § 1641(g)." (FAC ¶ 107.) As PennyMac points out, however, all of Plaintiff's

allegations regarding specific conduct violative of § 1641(g) pertain solely to U.S. Bank. (*See* FAC ¶¶ 109–14.) Because Plaintiff's fourth claim for violation of TILA therefore fails to state a claim against PennyMac, the Court hereby **GRANTS** PennyMac's Motion as to this claim with leave to amend.

### D. Plaintiff's Fifth Claim for Violation of 15 U.C.C. § 1692

Plaintiff's fifth claim for violation of the FDCPA alleges PennyMac, PMLS, and Citi illegally attempted to collect on Plaintiff's loan obligation under false pretenses in violation of 15 U.S.C. § 1692. Defendants contend that Plaintiff has inadequately pleaded that either defendant is a "debt collector" within the meaning of the FDCPA. Defendants also argue that Plaintiff's fifth claim is replete with legal conclusions lacking factual support.

The purpose of the FDCPA is to eliminate abusive debt collection practices, including the harassment and abuse of consumers. 15 U.S.C. § 1692(e). "To effectuate this purpose, the Act prohibits a 'debt collector' from making false or misleading representations and from engaging in various abusive and unfair practices." *Izenberg v. ETS Servs., LLC.*, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008); 15 U.S.C. §§ 1692d–1692f. Accordingly, "[t]o state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.'" *Izenberg*, 589 F. Supp. 2d at 1199.

A "debt collector" under the FDCPA is defined as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The FDCPA expressly excludes from this definition any person collecting or attempting to collect a debt originated by that person. *Id.* § 1692a(6)(F)(ii). Moreover, "[t]he law is well-settled that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Costantini v. Wachovia Mortg. FSB*, No. 2:09-cv-0406-MCE-DAD, 2009 WL 1810122, at *3 (E.D. Cal. June 24, 2009) (internal alterations omitted) (quoting *Hepler*

8

*v. Wash. Mut. Bank, F.A.*, No. CV 07-4804 CAS (Ex), 2009 WL 1045470 at *4, (C.D. Cal. Apr. 17, 2009)).

Here, Plaintiff has alleged that PennyMac, PMLS, and Citi have "illegally attempt[ed] to collect on Plaintiff's debt obligation." (FAC ¶ 118.) However, Plaintiff contends that PennyMac has engaged in such collection activities only as purported assignee of the beneficial interest in Plaintiff's DOT. Plaintiff therefore fails to aver whatsoever that PennyMac is a "debt collector" under the FDCPA.

Plaintiff further contends that PMLS and Citi have engaged debt collection activities "as purported debt collection agents of PennyMac Corp." This allegation is tantamount to a mere "label[] and conclusion[]" that this Court is not bound to accept as true. *See Twombly*, 550 U.S. at 555; *Sprewell*, 266 F.3d at 988. While Plaintiff contends that PMLS and Citi are "debt collection agents," Plaintiff's FAC stops short of alleging any facts to support this conclusory title. Specifically, Plaintiff fails to explain how these Defendants, sued in their capacities as servicers of Plaintiff's loan, could fit into some—if any—exception to the rule that mortgage servicing companies are statutorily exempt from the FDCPA.

Accordingly, the Court finds that Plaintiff has inadequately pleaded that PennyMac, PMLS, or Citi are "debt collectors" under the FDCPA. Defendants' Motions to Dismiss Plaintiff's fifth claim for violation of the FDCPA are therefore **GRANTED** with leave to amend.

### E. Plaintiff's Sixth Claim for Violation of California Business and Professions Code Section 17200

Plaintiff alleges a claim under California's UCL, Cal. Bus. & Prof. Code § 17200, against all moving Defendants.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *Id.* Because the statute is written in the disjunctive, liability under each prong of the UCL is separate and distinct from the others and, therefore, the statute "applies separately to business acts or practice that are

(1) unlawful, (2) unfair, and (3) fraudulent." *Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1050 (E.D. Cal. 2010).

"As to the unlawful prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law." *Id.* (citing *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000)). "An act is 'unfair' if the act threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law. . . . A practice is 'fraudulent' if members of the public are likely to be deceived." *Quintero Family Trust v. OneWest Bank, F.S.B.*, 09-CV-1561-IEG (WVG), 2010 WL 392312, at *12 (S.D. Cal. Jan. 27, 2010) (quoting *Fortaleza v. PNC Fin. Serv. Group, Inc.*, 642 F.Supp.2d 1012, 1019 (N.D. Cal.2009)). Additionally, allegations of fraudulent conduct under section 17200 must satisfy the heightened pleading requirements of Rule 9(b). *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103–05 (9th Cir. 2003). Rule 9(b) demands that "[a]verments of fraud . . . be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106.

Plaintiff's UCL claim suffers from at least three fatal shortcomings. First, Plaintiff's UCL claim is little more than a list of several statutes and claims accompanied by general allegations that Defendants have purportedly engaged in "unlawful, fraudulent and deceptive business practices" under the UCL. (FAC ¶ 121.) Because each prong of a section 17200 violation introduces a separate theory of liability, Plaintiff's failure to allege whether Defendants' actions were unlawful, unfair, fraudulent, or some combination thereof, falls short of the requirements of Rule 8(a)(2). *See e.g.*, *Clark*, 732 F. Supp. 2d at 1050 (finding the plaintiff's section 17200 claim deficient because the plaintiff's allegations did not specify which of the three UCL prongs defendants violated).

Second, while Plaintiff purports to allege a violation of the UCL against PennyMac, PMLS, and Citi, Plaintiff's entire UCL claim employs the indiscriminate term "Defendants" without specifying to which Defendant or Defendants each alleged

unlawful, unfair, or fraudulent business practice applies. This method of pleading likewise fails to satisfy the pleading requirements of Rule 8(a)(2).

Third, to the extent that Plaintiff brings a UCL claim under the "fraudulent" prong, Plaintiff fails to plead her allegations with sufficient particularity to survive a motion to dismiss. Accordingly, the Court **GRANTS** Defendants' Motions as to Plaintiff's sixth claim with leave to amend.

### F. Plaintiff's Seventh Claim for Accounting

Plaintiff's seventh claim for accounting alleges that PennyMac, PMLS, and Citi owe her a sum unknown to Plaintiff that can only be ascertained by an accounting. Defendants correctly contend, however, that Plaintiff has access to all of the information relating to her loan payment terms and any and all amounts she has paid, which eliminates the need for an accounting.

A claim for an accounting may take the form of either a legal remedy or an equitable claim. *Badoobonson-Iam v. Bank of Am. (Home Loans)*, No. CV 10-9171 CAS (MANx), 2011 WL 3103165, at *6 (C.D. Cal. July 25, 2011) (citing *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1049 (N.D. Cal. 2009)). If alleged as a legal remedy, the "request for a legal accounting must be tethered to relevant actionable claims." *Id.* Because Plaintiff has otherwise failed to sufficiently state an actionable claim against moving Defendants, she is not entitled to an accounting as a legal remedy against these Defendants.

To state a claim for an equitable claim for accounting, a plaintiff must allege that (1) a relationship exists between the plaintiff and defendant that requires an accounting; and (2) some balance is due the plaintiff that can only be ascertained by an accounting. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009). The relationship between the parties need not be fiduciary; all that is required is that "some relationship" exists that requires an accounting. *Id.* Moreover, "[a]n action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." *Id.*

Plaintiff's FAC alleges that she has paid PennyMac, PMLS, and Citi for approximately sixty months, during which time these Defendants were not entitled to such payments. (FAC ¶ 130.) Accordingly, Plaintiff contends that "these monies are to be returned to Plaintiff *in full*." (*Id.* (emphasis added).) Nevertheless, Plaintiff proceeds to plead that the sum owed to her by Defendants "is unknown to Plaintiff and cannot be ascertained without an accounting." (*Id.* ¶ 131.) This contention strains credulity.

Plaintiff's claim for an accounting, as pleaded, merely seeks the return of all mortgage payments she has already made to Defendants. There is no indication in Plaintiff's FAC that the payment terms contained in her Note were anything but ordinary. Therefore, Plaintiff is in possession of all materials necessary for her to reduce her claim to a sum that can be made certain by a relatively simple calculation. Because Plaintiff has thus failed to establish that an equitable claim for accounting is merited under the circumstances, the Court **GRANTS** Defendants' Motions to Dismiss Plaintiff's seventh claim for accounting. Furthermore, the Court finds that the deficiencies in Plaintiff's seventh cause of action cannot be cured. Accordingly, Plaintiff's seventh claim for accounting is **DISMISSED WITH PREJUDICE** as against PennyMac, PMLS, and Citi.

### G. Plaintiff's First Claim Seeking Declaratory Relief

In her first claim for declaratory relief, Plaintiff seeks a judicial determination of her rights and title in the Subject Property. As a threshold matter, "[j]urisdiction to award declaratory relief exists only in a case of actual controversy." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). Because declaratory relief thus requires an underlying claim and no underlying claims remain as against any moving Defendant, Defendants' Motions to Dismiss plaintiff's first claim are **GRANTED** with leave to amend.

### V. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED**. Specifically, Plaintiff's seventh claim for accounting is **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have fourteen (14) days from the date of this Order to

1  amend her First Amended Complaint, provided she can in *good faith* assert facts to
2  support her claims for declaratory relief, negligence, quasi contract, violation of the
3  Truth in Lending Act, violation of the Fair Debt Collection Act, and violation of
4  California's Unfair Competition Law.  If Plaintiff fails to do so, all claims will be
5  dismissed with prejudice.

**IT IS SO ORDERED**.

January 23, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

13