O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLA KAZOVSKY,<br><br>                Plaintiff,<br>    v.<br>METROCITIES MORTGAGE, LLC; et al.,<br><br>                Defendants. | Case No. 2:11-cv-06079-ODW (FMOx)<br><br>**ORDER DENYING MOTION TO WITHDRAW AS COUNSEL OF RECORD [82]** |

      Before the Court is Prosper Law Group, LLP's Motion to Withdraw as Counsel for Plaintiff Alla Kazovsky. (ECF No. 82.) Having carefully considered the papers filed in support of and in opposition to the instant Motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Prosper's Motion is **DENIED**.

      Pursuant to Local Rule 83-2.9.2.1, "[a]n attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.9.2.1. The decision to grant or deny a motion to withdraw as counsel for a party is within the Court's discretion. *See, e.g.*, *Huntington Learning Ctrs., Inc. v. Educ. Gateway*, *Inc.*, 2009 WL 2337863 at *1

1  (C.D. Cal., June 28, 2009). In determining whether to grant a motion to withdraw as counsel, courts often weigh the following four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case." *Id.* (quoting *Irwin v. Mascott*, 2008 WL 410694 at *4 (N.D. Cal. Dec. 1, 2004); *Nedbank Int'l, Ltd, v. Xero Mobile, Inc.*, 2008 WL 4814706 at *1 (C.D. Cal., Oct. 30, 2008)).

Upon consideration of these factors, the Court finds that withdrawal at this time is unwarranted. Prosper's Motion asserts that "Prosper Law makes this motion on the basis that irreconcilable differences exist between the Firm and Plaintiff Alla Kazovsky such that there is a break down in the attorney-client relationship. Prosper Law believes that this Motion is consistent with California Rules of Professional Conduct." (Mot. 3 (citation omitted).) Prosper does not set forth which particular California Rule of Professional Conduct it contends applies to this case. The Court presumes that Prosper could only have intended Rule 3-700(C)(6), which provides that counsel of record may not request permission to withdraw unless counsel "believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." But Prosper's Motion is painfully vague, which obfuscates any good cause that may exist here.

Prosper further contends that no prejudice will result to Plaintiff by Prosper's withdrawal because "there are no pending Motions on the Courts [*sic*] calendar, and the next scheduled Court appearance is the Scheduling Conference set for July 16, 2012." First, Prosper scheduled the hearing on its Motion to Withdraw just two weeks before the Scheduling conference—the same date that Plaintiff's Joint Rule 26(f) Report is due. (ECF No. 79, at 2.) Were the Court to grant Prosper's Motion, Plaintiff potentially would be left to fend for herself at the scheduling conference, suddenly finding herself without counsel during an important stage of the litigation.

1   Second, in response to the Court's March 2, 2012 Order to Show Cause Regarding Dismissal for Lack of Prosecution against Defendant U.S. Bancorp, Prosper associate Sasha M. Moreno represented to the Court on March 9, 2012, that "Plaintiff and Defendant U.S. Bancorp are currently in the process of exchanging information in an effort to resolve U.S. Bancorp's belief that they have been incorrectly named in this action. [¶] If resolved, Plaintiff intends to voluntarily dismiss U.S. Bancorp in the near future." (Moreno Decl., ECF No. 70, ¶¶ 10, 11.) To date, no further action has been taken with respect to U.S. Bancorp. The Court questions whether this fact was intentionally omitted from Prosper's Motion to Withdraw. Regardless, the Court finds that Prosper has made an inadequate showing that its withdraw at this stage would not prejudice Plaintiff in this action or delay resolution of this proceeding.

Finally, Prosper notes that it "has complied with all of the requirements under Local Rule 83-2.9.2.1" (*id.*), "including giving due notice to Ms. Kazovsky, and allowing time for employment of other counsel." (Bergman Decl. ¶ 3.) Yet Prosper does not explain when or how it provided Plaintiff this "due notice," nor what sort of time frame it provided her for seeking employment of new counsel. As a result, the Court is left wondering what, if anything, Plaintiff actually knows or understands regarding Prosper's Motion.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

For the reasons discussed above, the Court **DENIES** Prosper's Motion. Prosper may renew its Motion once Plaintiff has obtained substitute counsel, or upon a proper showing that all of the issues discussed herein have been thoroughly addressed to the Court's satisfaction.

**IT IS SO ORDERED.**

June 4, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**